UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ARTURO T. OCHOA,

               Plaintiff,

    v.

D. ESQUIVEL, et al.,

               Defendants.

Case No. 3:14-cv-00045-MMD-VPC

SCREENING ORDER

## I.   DISCUSSION

Plaintiff is a prisoner proceeding *pro se*. Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, a motion to proceed *in forma pauperis*, and a motion for the appointment of counsel. (Dkt. no. 1, 1-1, 1-2). However, on at least three (3) occasions, the Court has dismissed civil actions commenced by Plaintiff while in detention as frivolous or for failure to state a claim upon which any relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not

---

[1] *See Ochoa v. Cook et al.*, 3:02-cv-00450-LRH-VPC; *Ochoa v. Willis et al.*, 3:02-cv-00545-ECR-VPC (both dismissed for failure to state a claim upon which relief may be granted); *Ochoa v. Putter et al.*, 3:10-cv-00364-HDM-RAM (dismissed as delusional and factually frivolous). The Court takes judicial notice of its prior records in the above matters.

proceed *in forma pauperis* and, instead, must pay the full $350.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In his complaint, Plaintiff appears to allege his dissatisfaction with the prison food. (*See generally* dkt. no. 1-1). The Court finds that these allegations fail to plausibly allege that Plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). To the extent that Plaintiff is alleging that prison officials are poisoning his food, the Court notes that Plaintiff has filed several complaints in the past making those same allegations and that the Court finds that such allegations are delusional and factually frivolous.  As such, Plaintiff must pre-pay the $350.00 filing fee in full.

II.     **CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (Dkt. no. 1) is denied.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $350.00 filing fee in full within thirty (30) days of entry of this order.

It is further ordered that the Clerk of the Court shall send Plaintiff two (2) copies of this order.  Plaintiff shall make the necessary arrangements to have one (1) copy of this order attached to the check paying the filing fee.

It is further ordered that the Clerk of the Court shall retain the complaint.

It is further ordered that a decision on Plaintiff's motion for the appointment of counsel shall be deferred until the matter of the filing fee is resolved.

DATED THIS  29th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2